```
              UNITED STATES BANKRUPTCY COURT
                 DISTRICT OF PUERTO RICO
```

| IN RE: | |
|---|---|
| MARIA J CARRION GUZMAN | CASE NO. 12-06614-MCF |
| XXX-XX-5800 | CHAPTER 13 |
| DEBTOR (S) | |

**ENTRY OF ORDER AS TO DEBTORS' REQUEST TO RETAIN 2015 TAX REFUND**

**TO THE HONORABLE COURT:**

**NOW COMES**, José R. Carrión, Standing Chapter 13 Trustee (hereinafter, the "Trustee"), through the undersigned attorney, very respectfully alleges and prays:

1. Debtor (s) confirmed plan dated **January 23, 2013** Docket no. **29**. Provides that all future tax refunds would be uses to fund the plan's base.

2. Debtors are requesting to retain their **2015** tax refund in the amount of $**178.00** to cover expenses. Docket no. **29** .

3. A Chapter 13 debtor's tax refunds are generally considered projected disposable income that should fund the plan. See In re Michaud, 399 B.R. 365, 372-73 (Bankr.D.N.H. 2008); In re Padilla, 2009 Bankr. LEXIS 2701, *9-*10 ("The tax refund becomes income when received and in the amount received. The amount must be paid into the plan shortly after receipt."); see also, In re Ricci, 2009 Bankr. LEXIS 3283, *42-*43 (Bankr.M.D.Fla. 2009)(holding that for a Chapter 7 Means Test's determination of possible abuse, the tax refunds must be considered disposable income). Only unforeseen, reasonably necessary expenses may amend a debtor's obligation to pay a tax refund to fund the plan. See Michaud, 399 B.R. at 372.

4. It is clearly established, that a confirmed Chapter 13 Plan binds debtors and creditors to compliance with the plan's provisions, pursuant to the doctrine of *res judicata*. See In re Burrell, 346 B.R. 561 (1st Cir. B.A.P. 2006); In re Eason, 178 B.R. 908 (Bankr.M.D.Ga. 1994).

5. In light of the above, after reviewing debtor's income and expenses listed in the schedules, the Trustee has no opposition for the debtor to retain $**89.00** from the tax refund received for the year **2015**. Nevertheless, the remaining **$89.00** must be remitted to the Trustee to fund the plan.

    6. Moreover, subsequent tax refunds should be devoted to fund the plan to maximize the repayment to creditors.

    **WHEREFORE,** it is respectfully requested from this Honorable Court to take notice of the above mentioned and enter an **ORDER** granting Debtor authorization to retain a portion of the tax refund received for year **2015** in the amount of $**89.00** and the remaining $**89.00** must be remitted to the Trustee to fund the plan.

    **CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sent a notification TO all CM/ECF participants, including Debtor's attorney and I further certify that I have mailed this document by First Class Mail postage prepaid to debtor, at his mailing address of record.

**Respectfully submitted,**

In San Juan, Puerto Rico, this **October 14, 2016.**

                                         **/s/ Jose R. Carrion**

                                         **JOSÉ R. CARRIÓN-MORALES**
                                         CHAPTER 13 TRUSTEE
                                         P.O. Box 9023884
                                         San Juan, P.R. 00902-3884
                                         jcarrion@ch13-pr.com
                                         Tel:  (787) 977-3535
                                         Fax:  (787) 977-3550